BEAL-DOYLE DRY GOODS CO. *v.* BELLER.

Opinion delivered November 11, 1912.

1.   TAXATION—PLACE OF TAXATION OF CORPORATE PERSONALTY.—Under Kirby's Digest, § 6936, as amended by Acts 1907, p. 451, providing a method of assessing for taxes personal property of corporations, and requiring the officers of the corporation to file a statement showing the county in which the property assessed is situated, *held,* that property of a corporation is taxable in the county of its location. (Page 372.)

2.   SAME—LOCATION OF PERSONALTY.—A stock of goods held in a county from March until October following was located and subject to taxation therein.   (Page 373.)

3.   SAME—DOUBLE TAXATION—WHO MAY COMPLAIN.—A corporation may not complain because it is required to pay taxes twice in different counties on the same personalty where such double taxation results from its failure to assess its personal property in the county where situated, and where it failed to pursue the remedy given by Kirby's Dig., § 7180, authorizing the refunding of a tax erroneously assessed and paid.   (Page 374.)

4.  SAME—EFFECT OF ERRONEOUS PAYMENT.—An erroneous payment of taxes on personal property in one county does not discharge a valid assessment for taxation in another.  (Page 374.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Sam T. Poe,* for appellant.

The goods were not subject to assessment in Clay County, and the taxes had been paid in Pulaski County.  The personal property of domestic corporations was assessable only in the county of the domicile of the corporation.  78 Ark. 187; Kirby's Digest, § 6936; Acts 1907, No. 451, § 2; 97 Ark. 260. A corporation can not be forced to pay taxes twice on the same property.  97 Ark. 260.

*G. B. Oliver,* for appellee.

Kirby's Dig., § 6936, was amended by Acts 1907, p. 1226. The property was in Clay County seven months, and was properly assessed there.  This property was not in transit. 79 Fed. 282; 50 Atl. 364; 80 Ark. 138.  If assessed twice, appellant had an adequate remedy.  Kirby's Dig., § 7180.

SMITH, J.  Appellant filed its complaint in Pulaski Chancery Court, alleging it was a corporation under the laws of this State with its principal and only place of business at Little Rock, and that it was engaged there in the wholesale dry goods business; that the defendant was sheriff of Pulaski County, and as such had in his hands a warrant issued by the county clerk of Clay County, Arkansas, for taxes purporting to have been assessed against plaintiff in Clay County for the year 1911.  It further states that on _____ day of March, 1911, it purchased at a bankrupt sale the stock of goods that had belonged to one J. M. Hawks, who had been engaged in the mercantile business at Corning in Clay County; that said stock of goods was held by it on the first Monday in June, 1911, and thereafter until about October 1, 1911, at which time it sold said stock of goods and delivered them to one H. H. Gallop; that all plaintiff's property was assessed by the assessor of Pulaski County, Arkansas; and that the stock of goods above mentioned was included in that assessment; that plaintiff had no intention of engaging in business in Clay County, or holding the property there for any indefinite length

of time; and that the stock had been kept in Clay County only for the purpose of storage and convenience and to be sold in bulk.

It further alleged it had no knowledge of the said assessment until ............... day of May, 1912, after the time given by law had expired to have said assessment corrected by any officer of Clay County, and that it had in fact already paid to defendant as collector of taxes of Pulaski County the taxes assessed on the property in that county; that defendant was about to levy the warrant in his hands, and would do so unless restrained by the court; and that this would result in its being required to pay taxes twice in the same year upon this stock of goods. There was prayer that the defendant be enjoined from enforcing the collection of taxes assessed in Clay County, or that, if it be held that defendant is entitled to collect said taxes under the warrant held by him, that the defendant be ordered to pay said amount out of funds then held by him which he had collected on property assessed in Pulaski County.

By agreement, Clay County was made a party defendant, and both defendants demurred to the complaint, which demurrer read as follows:

"First. This court is without jurisdiction to grant plaintiff the relief prayed for or any other relief.

"Second. There is a defect of parties defendant herein.

"Third. Plaintiff's complaint fails to state facts sufficient to constitute a cause of action."

The cause was submitted on the demurrer, which was sustained, and the complaint was dismissed for want of equity. Plaintiff appeals.

It will not be necessary to consider either of the first two grounds of demurrer, as the third is decisive of the case, and is the one upon which the court below dismissed the complaint. Appellant contends that, under the facts recited in its complaint, the stock of goods was not subject to taxation in Clay County, and its assessment there was without authority and void. That this is true because all of the personal property of a domestic corporation was required to be assessed in the county of its domicile (*Harris Lumber Co. v. Grandstaff*, 78 Ark. 187), prior to the passage of act No. 451 of the Acts of 1907. This was an act entitled "An act to amend section

6936 of Kirby's Digest of the Statutes of Arkansas and to provide for the manner of assessing the personal property of corporations, companies, and associations," and appellants further contend that, as this act gave the authority to assess personal property of domestic corporations in counties other than that of their domicile, the assessment could be made only in the manner authorized in that act; and that, as there had been no compliance with its requirements, there was no assessment in Clay County. But this is not the language of the act in question, and certainly could not have been the purpose of the General Assembly in enacting it. This act amends section 6936 of Kirby's Digest, which provides the method of assessing for taxes all domestic corporations and all foreign corporations doing business in this State, except certain corporations whose assessment for taxation was otherwise specifically provided for; and the only change made by the act of 1907 in the said section was that it added the requirement that the corporation officer making the assessment should file a statement, showing the county in which the property assessed was situated; and that the assessor with whom this statement was filed should certify to the assessors of the respective counties the property located there.

Evidently, the purpose of this act was to make property taxable in the county of its location and to furnish the means by which that fact might be known, and it does not interfere with the operation of other laws on the subject of the assessment of personal property. It does not appear how this property was placed on the tax books of Clay County. The appellant contents itself with the allegation that it did not assess it, and that it was not subject to taxation, because of the noncompliance with the provisions of the act of 1907, above referred to, and the further fact that the stock of goods was only temporarily in Clay County. But, while the complaint does allege that appellant had no intention of engaging in business in Clay County, it also recites that the stock of goods had been stored there from the time of its purchase on the .............. day of March, 1911, until sold by it in October, 1911; and to sell these goods they must necessarily have been shown to prospective purchasers. The theory upon which property only temporarily in a taxing district is not taxable there is

that the property is in transit, but that is not true of this stock of goods under the allegations of the complaint. See *Eoff* v. *Kennefick-Hammond Mfg. Co.*, 80 Ark. 138, and cases there cited.

Finally, appellant's statement that it is being required to pay taxes twice on the same property can not avail here; for, if that statement is true, it results from its own failure to properly assess its property in Clay County, and an erroneous payment in one county can not discharge a valid assessment in another. Particularly must that holding be made in proceedings of this kind where, if there was an erroneous assessment, that error was in Pulaski County, and appellant would have had a simple remedy by following the provisions of section 7180 of Kirby's Digest, which provides: "In case any person has paid or may hereafter pay taxes on any property, real or personal, erroneously assessed, upon satisfactory proof being adduced to the county court of the fact, the said court shall make an order refunding to such person the amount of the county tax so erroneously assessed and paid, and upon production of a certified copy of such order he shall draw his warrant on the State Treasurer for the amount of the State tax erroneously assessed and paid." Kirby's Digest, § 7180.

Affirmed.