ARLINGTON HOTEL COMPANY *v*. BUCHANAN.

Opinion delivered November 3, 1913.

TAXATION—ERRONEOUS ASSESSMENT—REMEDY.—When the only issue is an alleged error of a county assessor in fixing the valuation of property, there being a statutory remedy for the property owner to pursue by appearance before the county board of equalization or the county court, and the property owner, having neglected to pursue this remedy, a court of equity has no jurisdiction to review the action of the assessor.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*W. H. Martin*, for appellant.

While courts of chancery will not grant relief from an assessment for irregularities, inaccuracies, accidental omissions, over or under valuation of property, etc., they will for jurisdictional matters such as the validity of the tax; whether the property was within the district or not, the mode of levy, fraud, etc., or even excess of jurisdiction. 27 A. & E. Enc. Law, § 720; 133 Am. St. 173. Equity will always enjoin an illegal or unauthorized tax. 93 Ark. 336-341; 101 Md. 541; 109 Am. St. 585; 22 *Id*. 142; 64 Ark. 258-265; 90 *Id*. 413; 96 *Id*. 92; 84 *Id*. 347; 89 *Id*. 53.

McCULLOCH, C. J. The Arlington Hotel Company, a domestic corporation, instituted this action in the chan-

cery court of Garland County, the place of its domicile, to restrain the tax collector of Garland County from collecting the taxes on its property based on what is claimed to be an erroneous assessment.

An answer was filed by the collector, and on hearing the cause, the court dismissed the complaint for want of equity.

Plaintiff corporation filed with the collector a statement, in accordance with the statute, showing a valuation of personal property in the sum of $151,000. The assessor's deputy, who had charge of that particular assessment, when he came to make up the assessment, fixed the valuation at $172,000, and entered the same on the assessor's books accordingly.

The plaintiff made no effort, before the county board of equalization or the county court, to reduce the assessment, but shows now that it had no notice that the assessor had fixed the valuation at a different amount than that set forth in the sworn statement.

The proof shows that there was some confusion about this assessment so far as the intentions of the plaintiff and the assessor himself were concerned; but, on the other hand, the proof is very clear that the deputy assessor who made this assessment fixed the amount at what, in his judgment, was a fair valuation for purposes of taxation in accordance with the rule prevailing in that county. In other words, if the assessment was erroneous, it was merely a case of overvaluation on the part of the assessor, and not a void act on his part in extending the taxes.

The statutory remedy of the plaintiff was complete to redress the wrong done by the excessive assessment. Courts of equity under those circumstances have no jurisdiction to review the action of the assessing board.

In the recent case of *Clay County* v. *Brown Lumber Co.*, 90 Ark. 413, we said that "when a mode, in the nature of an appeal, is prescribed by the statute, a failure to invoke the statutory remedy within the time and man-

ner prescribed precludes relief by any other proceedings.''

In *Wells Fargo & Co.* v. *Crawford County*, 63 Ark. 576, Judge RIDDICK, speaking for the court, said:

''The assessment of the property of this express company having been committed by law to the board of railroad commissioners, a complaint for relief in equity is insufficient which only alleges that the valuation by the board is excessive; for, in the absence of fraud, intentional wrong, or error in the method of assessment, the finding by the board can not be overturned by evidence going only to show an error of judgment in the valuation of the property.''

In 27 American & English Encyclopedia of Law, page 721, the rule is correctly stated as follows:

''Since the court can not substitute its judgment for that of the assessing officers or reviewing boards, an erroneous exercise of judgment by such officers or boards does not warrant interference by the court; and so questions as to the excessiveness of the assessment are beyond the province of judicial inquiry.''

The same doctrine is, in effect, declared in the recent case of *Beal & Doyle Dry Goods Co.* v. *Beller*, 105 Ark. 370, 150 S. W. 1033.

This being a case involving merely an alleged error of the assessor in fixing the valuation of property, it is beyond the province of a court of equity to review.

The court was, therefore, correct in its decree dismissing the appeal, and the same is affirmed.