## MARTINEAU v. CLEAR CREEK OIL & GAS COMPANY.

## Opinion delivered January 19, 1920.

1. TAXATION — EQUITABLE RELIEF AGAINST ASSESSMENT.—While a mere mistake in judgment, fixing the value of the property to be taxed by a taxing board or commission, from which no appeal lies, can not be relieved against in equity, that court will restrain illegal taxes assessed by such boards, induced by fraud, gross mistake, discrimination, nonuniformity or the adoption of a fundamentally erroneous method.

2. TAXATION—VALUATION OF NATURAL GAS COMPANY'S PROPERTY.— The Tax Commission can not fix the valuation of the property of a natural gas company by ascertaining the net earnings of the company and then fixing an amount as the valuation which would produce the net earnings at the rate of 6 per cent. per annum. The commission could take into consideration the net income of the property as affecting its value, but it should likewise consider the probable producing life of the gas wells, the increased cost of developing them, and the per cent. of the capitalization of the concern included in the net income.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*John D. Arbuckle,* Attorney General, and *C. A. Starbird* and *C. M. Wofford,* for appellants.

The court erred in overruling the demurrer and enjoining the collection of taxes, as the facts alleged and conceded by the demurrer amount in substance to an honest mistake only on the part of the Tax Commission as to the value of appellee's property. Chancery has jurisdiction to correct excessive assessments, but the complaint alleges grounds sufficient, at most, if at all, to support an overvaluation, an error in judgment on the part of the Tax Commission.

The commission derives its power from act 257, Acts 1909, and act 251, Acts 1911. Its powers are broad —unlimited—and are made to depend upon the statement furnished by plaintiff as therein required and which it did furnish as alleged in the complaint. In determining the issues the facts alleged in the complaint are taken as true, but the conclusions of law are not so taken. The

determination of the Legislature is conclusive unless it is arbitrary and without foundation in justice and reason. 98 Ark. 113-117; 94 *Id.* 217.

There is no right of appeal from assessments by the Tax Commission. 2 Cooley on Taxation, p. 1382; 1 Desty on Taxation, p. 605; 49 Ark. 518; 90 *Id.* 413; 63 *Id.* 576. The legal presumption is that the Tax Commission performed its duty. 96 Ark. 477. No appeal being provided, the action of the assessing body is conclusive. 52 Ark. 529. See also 90 Ark. 413; 106 *Id.* 248; 110 *Id.* 34; 63 *Id.* 576-588; 154 U. S. 421; 164 *Id.* 599, 611; 204 *Id.* 585, 593-6; 174 U. S. 739, 754. An overvaluation or mistake of judgment in assessments can not be received by the courts. *Supra.* When the commission made its assessment it acted fairly, justly and according to law and the method pursued was correct and the cause should be reversed.

*Hill & Fitzhugh,* for appellee.

1. The method adopted by the Tax Commission for ascertaining the value of appellee's property was fundamentally wrong, and resulted in excessive valuation. The commission followed some method of its own based on capitalization of earnings as reflecting the value of the property. The method is contrary to the Constitution and our statutes, and the method erroneously refused to allow as operating expenses the *cost* of drilling wells and interest on indebtedness incurred for development, thereby swelling the apparent earnings and producing an excessive valuation. The capitalization of earnings is not in common use and is not recognized as a proper basis of ascertaining value, but is condemned as radically wrong and contrary to our law. 164 Penn. St. 284; 119 Ark. 362; 166 Pa. St. 453; 214 Fed. Rep. 180; 239 U. S. 234. These authorities conclusively settle the proposition that an assessment on a basis of capitalization of earnings is illegal.

2. The proper remedy is in equity. 49 Ark. 518; 110 *Id.* 34; 63 *Id.* 588; 204 U. S. 585; 244 *Id.* 499-522; L.

R. A. 1916 A, 972. The action of the Tax Commission is not conclusive, and if a mistake or error has been made equity can correct cases. *Supra.*

HUMPHREYS, J. Appellee institued suit against appellants in the Fort Smith District of the Sebastian Chancery Court to enjoin a taxation of its personal property in excess of $1,599.55 in Crawford County, and $1,292.95 in Sebastian County.

The jurisdiction of the court over the subject-matter and parties and the sufficiency of the bill were challenged by demurrer. The court overruled the demurrer, to which ruling appellants excepted and elected to stand on their demurrer. The court thereupon rendered a decree in accordance with the prayer of the bill, from which an appeal has been prosecuted to this court.

The bill alleged, in substance, that appellee is a private corporation, producing and selling natural gas; that it is domiciled in Fort Smith and owns a plant and equipment consisting of pipe lines, etc., of the value of $140,-222.71, gas wells of the value of $29,950.73, gas leases of the value of $10,000, and supplies of the value of $11,-682.18, or assets in a total value of $191,855.62; that it owns no intangible property; that in accordance with the requirements of the law, it returned the value aforesaid of all the property owned by it of date June 1, 1918, to the Tax Commission of the State of Arkansas, and, in addition, upon request furnished said commission with an auditor's report of its business in detail, including its gross receipts, gross operating expenses and net results from operation; that the corporate stock of appellee is $45,000, $15,000 of which was exchanged for leases on land, a large part of which was relinquished as being unprofitable territory; $15,000 sold at par value, and $15,000 at five for one; that its investments consisted of $105,000 derived from sales and exchange of stock, $97,-000 borrowed, for which it bonded its property, $30,000 borrowed and treated as a floating debt; that the value of the corporate stock, including franchises, etc., was less

than the value placed upon its property returned as of date June 1, 1918; that the amount paid in by the stockholders and borrowed, which had been invested in the plant, including pipe lines, etc., and in developing gas wells, was $232,700, but that the unpaid investment was of less value than the amount actually invested, because about $40,000 of said sum represented dry holes and unprofitable leased territory which had been surrendered; that the stockholders had received no dividends and the bonded and floating indebtedness had not been paid; that the Kibler gas field, in which appellee's wells are located, were discovered in 1915, but, since that time, have gradually decreased in the profitable production of gas, on account of the decline of rock pressure, the natural pressure propelling gas; that the value of its plant and other assets is dependent on its present and prospective supply of gas, a large part of which has been exhausted in the operation of the business; that the Tax Commission established a basis of fifty per cent. of the actual value of property for assessment purposes and upon that basis, appellee's property should have been assessed at $95,-927.91, according to its actual and returned value; that, instead of so assessing appellee's property, the commission arrived at the value thereof upon the basis of a capitalization of its net earnings, and, in applying the rule so adopted, refused to allow as operating expenses the cost of drilling wells and interest paid upon the bonded and floating indebtedness; that the rule adopted resulted in swelling the value of the property of appellee from its actual and returned value of $191,855.62 to $439,592, for taxation purposes, in fraud of the rights of appellee, and in arbitrarily extending an unjust and grossly erroneous tax against the property of appellee in the sum of $3,488.22 in Crawford County, and $2,812.77 in Sebastian County, contrary to section 5, article 16, of the Constitution of the State of Arkansas, and the Fourteenth Amendment to the Constitution of the United States.

Appellants insist that the court erred in overruling the demurrer and enjoining the collection of taxes from

appellee in excess of $1,599.55 in Crawford County, and $1,292.95 in Sebastian County, for the reason that the facts alleged in the complaint and conceded by the demurrer amount, in substance, to an honest mistake of judgment only on the part of the Tax Commission as to the value of appellee's property. Learned counsel for appellant are eminently correct in their contention, if they have correctly measured the extent and effect of the allegations of the bill. The authorities seem to be agreed that a mere mistake in judgment fixing the value of property to be taxed by a taxing board or commission, from which no appeal lies, can not be relieved against in a court of equity. The rule is aptly stated by Mr. Cooley in his work on Taxation, volume 2, page 1382, in the following language: "The courts either of common law or of equity are powerless to give relief against the erroneous judgments of assessing bodies, except as they may be specially empowered by law to do so." See also Desty on Taxation, vol. 1, p. 605; *Wells Fargo & Co. Express* v. *Crawford County*, 63 Ark. 576; *State ex rel. Norwood, Atty. Gen.*, v. *K. C. & Memphis Ry. & Bridge Co.*, 106 Ark. 248; *Pittsburgh, Cinn., Chicago & St. L. Ry. Co.*, v. *Backus*, 154 U. S. 421; *Maish* v. *Arizona*, 164 U. S. 599; *San Diego Land & Town Co.* v. *National City*, 174 U. S. 739. While these authorities uphold the doctrine that courts of equity will not interfere with the values placed upon property by taxing boards, from which no appeal lies, when the value is dependent upon a difference of opinion, unless authorized to do so by statute, yet most of the authorities above cited, as well as many others, recognize the doctrine that courts of equity will restrain illegal taxes assessed against property by such boards induced by fraud, gross mistake, discrimination, non-uniformity or the adoption of a fundamentally erroneous method. *Green* v. *L. & I. R. R. Co.*, 244 U. S. 499; *Chicago, B. & Q. Rd. Co.* v. *Babcock*, 204 U. S. 585; *Mudge* v. *McDougal*, 222 Fed. Rep. 562; *Johnson* v. *Wells Fargo & Co.*, 239 U. S. 234. It was said in our own case of *Wells Fargo & Co. Express* v. *Crawford County, supra,*

that, "The assessment of the property of this express company having been committed by law to the Board of Railroad Commissioners, a complaint for relief in equity is insufficient which only alleges that the valuation by the board is excessive; for, in the absence of fraud, intentional wrong or error in the method of assessment, the finding by the board can not be overturned by evidence going only to show an error of judgment in the valuation of the property." We think counsel for appellant have mistaken the tenor and effect of the allegations contained in the appellee's bill. The gist of the petition is to the effect that a grossly excessive valuation was placed upon the property in question by the application of the rule known as the capitalization of the net earnings of the concern. It is alleged that the Tax Commission ascertained the net earnings of the concern and fixed an amount as the valuation of the property which would produce the net earnings at the rate of six per cent. per annum. We find no warrant either in our Constitution, Act No. 257 of the General Assembly of 1909, or Act 251 of the General Assembly of 1911, from which the commission derived its authority, for ascertaining values based upon any arbitrary rule of this kind or character. It is true that the powers conferred upon the Tax Commission by the General Assembly are very broad, and much latitude is extended it in the exercise of its judgment in fixing tax values. The power and authority conferred upon the Tax Commission by the Constitution and statutes of this State, in reference to assessing the tangible or intangible personal property of private corporations owning and operating pipe lines, require the board to assess same at its value on a per cent. basis equal and uniform with the assessment of other personal property of the same species throughout the State. Necessarily, there are many elements entering into the value of a gas plant, developing and selling natural gas on the market. It is manifest, under the allegations of the bill in the instant case, that in marketing the gas, which is the chief capital of such a concern, its capital is largely con-

sumed in the operation of the plant. That being the case, net profits could not accurately be ascertained by a deduction of the gross cost of production from the gross amount of sales. The difference between the gross amount of sales and the gross cost of production necessarily includes the capital of the concern, because it is alleged that gas is its chief capital and that in the field in which appellee is operating the gas is being rapidly exhausted. So the rule alleged to have been applied by the Tax Commission in order to ascertain the value of appellee's property is an arbitrary one, and, according to the allegations of the complaint, swells the true value of the property many times. In arriving at the value it was clearly within the province of the Tax Commission to take into consideration the net income of the property as a fact affecting its true value, but it should likewise have taken into consideration the probable producing life of the gas wells, as well as the increased cost of developing them and the per cent. of the capitalization of the concern, included in the net income. To take the net income alone of the property as a basis for fixing the value of the property is fundamentally wrong. This court said in the case of *American Bauxite Co. v. Bd. of Equalization,* 119 Ark. 362, that "property is assessed in this State whether it produces income or not, and property is not taxed according to its income, and, indeed, the question of income is of importance only as it relates to and affects the market value." This was said in reference to assessment of real estate, but the language is also appropriate in reference to ascertaining the value of personal property.

The method adopted by the Tax Commission for ascertaining the value of appellee's property being fundamentally wrong, and resulting in an excessive valuation thereof, the decree of the chancery court is affirmed.