JENSEN *v.* DIERKS LUMBER & COAL COMPANY.

4-7727                                    190 S. W. 2d 5

Opinion delivered November 5, 1945.

*Jay M. Rowland,* for appellant.

*Elbert Cook, Wootton & Land* and *Carl Enggas,* for appellee.

McHANEY, J. Appellee brought this action against appellant, individually and as delinquent tax collector for Garland county, to enjoin appellant from attempting to collect from it alleged delinquent personal taxes for the years 1940, 1941 and 1942, which had been demanded by appellant in the total sum of $15,216.72. The complaint alleged that on November 6, 1944, appellant had served on it a "Notice Before Writ of Garnishment or Attachment" demanding said sum; and that on November 13, 1944, he had served a writ of garnishment on the Arkansas National Bank of Hot Springs, Arkansas, which alleged that appellee was indebted for said delinquent taxes and penalties in said sum, and commanding said bank to answer to him, as delinquent tax collector within ten days, what goods, chattels, monies, etc., were in its hands or possession belonging to appellee, and propounding the statutory interrogatories to the garnishee. Appellee further alleged that no tax is due or owing by it for any of the years aforesaid, and none due either the state, Garland county, or any of its subdivisions. It was further alleged that the actions taken by appellant were without authority. It prayed a temporary writ and finally a permanent writ of injunction.

Notice was served on appellant that on November 17, at 10 a.m. it would apply to the court for a temporary

restraining order. On said date appellant filed a motion to dismiss on the ground the court was without jurisdiction to restrain him from collecting delinquent taxes which appear as unpaid on the tax books of Garland county, or, in the alternative, appellee should make bond in the sum of $20,000. The temporary writ was granted as prayed, and bond in said sum was given.

Thereafter, appellee filed an amendment to its complaint alleging that on November 20, 1944, after issuance of the temporary writ as above, as of November 20, the county assessor made certain entries in the personal tax books of said county for the year 1942, purporting to list against appellee an additional assessment for 1940 in the amount of $121,250; for 1941, $119,000, and for 1942, $115,000; that on the same date, November 20, the collector, without authority, entered on said personal tax books for 1942, the following notation: "Assessment made by tax collector November, 1944, not charged to tax collector. No collection made." That on the same day, November 20, 1944, the county clerk extended the taxes on the assessment made by the assessor, in the total sum of $12,-575.85. Similar allegations of illegality of said attempted assessment and a similar prayer were made. Appellant filed no further pleading.

The case was tried on a stipulation as to the facts and the testimony of Jess Rutledge, plant superintendent for appellee, given in the circuit court on November 7, 1944, in a suit by appellee against the Garland County Equalization Board, admitted in evidence by the trial court over appellee's objections.

Trial resulted in a decree permanently enjoining appellant from attempting to collect said additional taxes. The court found that the said entries upon the personal tax books of 1942, were unlawfully made and were void, and that appellee had assessed and paid taxes on all property, both real and personal, for 1940, 1941 and 1942, and has no further tax liability. This appeal followed.

Appellant questions the jurisdiction of the court. What we have said in the case of *Raef, County Clerk,* v.

*Radio Broadcasting, Inc., ante,* p. 253, 190 S. W. 2d 1, is not controlling here, as the facts are not similar. Nor is the rule laid down in *Wells Fargo & Co.,* v. *Crawford County,* 63 Ark. 576, 40 S. W. 710, 37 L. R. A. 371, and followed in *Arlington Hotel Co.* v. *Buchanan,* 110 Ark. 34, 160 S. W. 895, controlling. It was held in the Arlington Hotel case that, "when the only issue is an alleged error of a county assessor in fixing the valuation of property, there being a statutory remedy for the property owner to pursue by appearance before the county board of equalization or the county court, and the property owner, having neglected to pursue this remedy, a court of equity has no jurisdiction to review the action of the assessor." This because he had a plain and adequate remedy at law. Here, however, appellee had no remedy at law. The attempted assessment was made in November, 1944, long after assessing time and collection time when the taxes assessed had been paid, and, as was alleged, without any authority of law therefor. We think the chancery court had jurisdiction.

Stipulation No. 3 of the stipulation of facts is: "That Dierks Lumber & Coal Company assessed its property, real and personal, situated in Garland county, Arkansas, for the years 1940, 1941 and 1942 with the assessor of Garland county, Arkansas, within the time prescribed by law, and that said taxes were duly extended by said assessor on the real and personal tax books of said county; that said values as so declared were equalized by the equalization board as provided by law and within the time prescribed by law said taxes were paid by Dierks Lumber & Coal Company to the collector of Garland county, Arkansas, and an official receipt issued by the collector to Dierks Lumber & Coal Company for all taxes and extended against it for said years."

The attempted additional assessment was based on the testimony of Rutledge given in another court in another case, wherein he testified that for the years in question appellee had an average stock of lumber on hand of six million feet worth about $45 per thousand feet, mak-

ing a total average of $270,000 in valuation. Assuming that this testimony is competent and relevant in this case, without so deciding, still we are of the opinion that the attempted assessment of the additional taxes, in the manner herein set out, was without authority and void, as the court properly held.

Appellant relies upon the provisions of § 13666 of Pope's Digest. This section is too lengthy to be set out, but under it, the right to assess property ''omitted for any cause from the assessment roll,'' in either of two instances therein set out is dependent on discovery of that fact and the entry of the assessment on the tax books ''before the collector closes his books for the collection of taxes for the year in which such property was due to have been assessed.'' The taxes sought to be collected in this action are for the years 1940, 1941 and 1942. The attempted assessment was made in November, 1944, long after the collector had closed his books for each of said years. Therefore, § 13666 confers no authority for the procedure here attempted.

If appellee has, in fact, undervalued its personal property, the state and its subdivisions might have a remedy. See § 13987 of Pope's Digest in connection with § 13899, and the decision of this court in *State ex rel. Attorney General* v. *Chicago Mill & Lumber Corporation,* 187 Ark. 65, 58 S. W. 2d 951.

It follows that the decree is correct, and it is accordingly affirmed.