The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your request for an opinion regarding the assessment and collection of ad valorem taxes. You have set forth the question as follows:
 In 1983, during a reappraisal of property subject to ad valorem taxes in Randolph County, a tract of commercial real property was inadvertently left off the assessment roll. This error was discovered only recently, and I would like your opinion as to how many years the tax assessor's office can go back to put the property on the tax books and collect taxes?
Please note that I have enclosed a copy of Attorney General Opinion 91-238, which addresses, inter alia, the county assessor's authority to make changes to the tax books. It was concluded therein, based upon A.C.A. § 26-26-913 and the case ofJensen v. Dierks Lumber Coal Co., 209 Ark. 262, 190 S.W.2d 5
(1945), that no changes to the tax books may be made by the assessor for a particular year after the county collector closes the books for that year. Op. Att'y Gen. 91-238 at 3.
The Jensen case, supra, did not appear to involve the taxpayer's failure to assess, but rather addressed a situation where the taxpayer assessed and paid taxes on its real and personal property, and an additional assessment was attempted by the assessor. 209 Ark. at 264-265. It is therefore somewhat unclear whether the court would have taken a similar approach had the taxpayer failed to assess the property. Arkansas Code Annotated § 26-34-107 (Repl. 1992) prohibits any proceedings for reassessment after the assessment and full payment of property taxes, "except for actual fraud of the taxpayer." The Code section goes on to state that "[f]ailure to assess taxes as required by law shall be prima facie evidence of fraud." Id.
I assume in this instance, although there may be a fact question in this regard, that had the taxpayer at some point subsequent to 1983 assessed the property in question as required by law, the property would have been placed on the tax books. Section26-34-107, supra, does not prevent reassessment in that instance. My review has not revealed a provision addressed specifically to the time frame in which such a reassessment must be made. Arkansas Code Annotated § 16-56-105 (1987) provides generally for a three-year statute of limitations on the following:
 1. All actions founded upon any contract, obligation, or liability not under seal and not in writing, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other state;
 2. All actions for arrearages of rent not reserved by some instrument in writing, under seal;
 3. All actions founded on any contract or liability, expressed or implied;
4. All actions for trespass on lands;
5. All actions for libels;
 6. All actions for taking or injuring any goods or chattels.
In the absence of a specific limitations period, it may be contended that § 16-56-105 will prevent the county from going back more than three years to assess and collect this tax.
It should also be noted that the Arkansas Public Service Commission apparently has separate authority to place omitted property on the assessment rolls and to correct any errors found on the rolls. See A.C.A. § 26-24-117 (Repl. 1992). While there is no limitation period in this regard, Section 16-56-105 may, similarly, be cited in support of the proposition that collection will be limited to the last three years.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure