The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 If the property owner or County Assessor fails to assess a new building for property taxes, and the property is sold and taxes paid at the closing of a sale of the property for 1996, and prorated for 1997 based on this erroneous amount (without the building), may the County Assessor correct the assessment after the closing, and may the County Collector then seek to collect the tax for 1996 and 1997, as a lien against the property and/or against the former or present owner?
Assuming that the correction is made before the collector closes the tax books for that year, it is clear that the assessor has not only the power, but also the duty to list the property once the omission is discovered. See A.C.A. § 26-26-913.
With regard to correcting the assessment after the collector closes his books, please note that I have enclosed a copy of Attorney General Opinion 92-285, which addresses the omission of property from the assessment roll, and the assessor's subsequent authority to assess such property. As you can see from this opinion, and from the other opinion cited therein (Op. Att'y Gen. 91-238, copy enclosed), the answer to your question will likely turn on the particular facts surrounding the failure of the property to be assessed. To summarize these opinions, if a taxpayer makes a good faith attempt to comply with his statutory duty in connection with the assessment of his property (see, e.g., A.C.A. §§26-26-501(a)(2) and 26-26-903 regarding the listing of property), and through no fault of his own the property is not listed, then it is my opinion that the county assessor will generally be prevented from attempting to go back and correct the assessment after the county collector closes the tax books for that year. See A.C.A. § 26-26-913 andJensen v. Dierks Lumber Coal Co., 209 Ark. 262, 190 S.W.2d 5 (1945). In the absence of fraud, A.C.A. § 26-34-107 will prevent reassessment "[a]fter the assessment and full payment of any general property, privilege, or excise tax. . . ."
The failure of the taxpayer to assess is, however, deemed "prima facie evidence of fraud" under A.C.A. § 26-34-107. If the taxpayer in fact fails to assess, therefore, it appears that reassessment will in all likelihood not be prohibited. Id. I believe that the assessor could proceed in that instance to correct the assessment, and that the taxes assessed would be a lien upon and bind the property. See A.C.A. §26-34-101.[1] As between the buyer and the seller, liability for the taxes will depend upon when the sale occurred in relation to attachment of the lien for taxes. See A.C.A. § 26-34-101(b) and, generally, Op. Att'y Gen. Nos. 94-302 and 93-087. If the property is transferred by way of warranty deed on a date after the third Monday in February and the grantor has warranted that the property is unencumbered, then the grantor will be liable to the grantee on a claim of breach of warranty because of the prior attachment of the tax lien. Id. The lien will remain on the property until satisfied. But the grantee will have an avenue for recovery from the grantor.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As noted in Opinion 92-285, A.C.A. § 16-56-105 may prevent the county from going back more than three years to assess and collect taxes.