## STATE *v.* INTERNATIONAL HARVESTER COMPANY.

### Opinion delivered July 2, 1906.

1. . PENAL STATUTES—CONSTRUCTION.—Penal statutes and statutes which impose burdens and liabilities unknown at common law must be strictly construed in favor of those upon whom the burden is sought to be imposed; and nothing will be taken as intended that is not clearly expressed. (Page 521.)

2. ANTI-TRUST ACT—FAILURE OF CORPORATION TO MAKE AFFIDAVIT.—The anti-trust act of January 23, 1905, § 7, which provides that it shall be the duty of the Secretary of State to address to the president, secretary or treasurer of each incorporated company doing business in this State a letter of inquiry as to whether such corporation "has all or any part of its interest or business in or with any trust, combination or association of persons or stockholders as named in the preceding provisions of the act, and to require an answer under oath," and that, on refusal of the corporation to make the required oath, the prosecuting attorney shall proceed against the corporation "for the recovery of the money forfeit provided for in this act," etc., does not impose a penalty upon such corporation or their officers for failure to make answer to such inquiry, nor declare that such failure shall constitute a public offense. (Page 522.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Robert L. Rogers, Attorney General,* and *Lewis Rhoton,* for appellant; *DeE. Bradshaw* and *T. E. Helm,* of counsel.

Anti-trust acts are enacted in the exercise of the police power of the State, and are not unconstitutional. 152 Mo. 46; 61 O.

St. 547; 104 Tenn. 715; 19 Tex. 1; 44 S. W. 940. The State may permit foreign corporations to do business in the State on such terms as it sees proper, or it may deny them the right altogether. 66 Ark. 466; 8 Wall. 168; 57 Ark. 33; Murfree on Foreign Corporations, 2; Noyes on Intercorporate Relations, § 414. The proceedings under the Anti-Trust Act should be by complaint and civil action to recover a penalty. 69 Ark. 363; *Ib.* 134; 55 *Id.* 200; 56 *Id.* 166; 58 *Id.* 39; 59 *Id.* 165. The overcharge cases were prosecuted by civil suits, and not by indictment. 60 Ark. 221; 49 *Ib.* 455.

*Rose, Hemingway, Cantrell & Loughborough,* and *Baldy Vinson* and *June P. Wooten,* for appellees.

Penal statutes are to be construed strictly. Sutherland on Stat. Int. § 208; Endlich on Int. of Stat. § 329, p. 452; 6 Ark. 131; 40 Ark. 99; 59 Ark. 344. No case within penal statute unless completely within its words. 56 Ark. 47; 64 Ark. 284; 66 Ark. 472. The statute does not in express terms require corporations to answer inquiries made by the Secretary of State, and a failure to do so is not made an offense, either on the part of the officer or on the part of the corporation. In construing penal statutes all doubts will be resolved in favor of defendant. 70 Ark. 331. Statutes imposing burdens unknown to the common law are construed strictly in favor of those upon whom such burdens are imposed. 59 Ark. 344.

McCULLOCH, J. This action is against appellee, a foreign corporation doing business in this State, to recover the penalty for an alleged violation of the act of January 23, 1905, providing for the punishment of pools, trusts and conspiracies to control prices, in failing to file an answer under oath to the written inquiry required by section 7 of that statute to be propounded to all corporations doing business in the State. The section in question is as follows:

"Section 7. It shall be the duty of the Secretary of State, on or about the first day of July each year, to address to the president, secretary or treasurer of each incorporated company doing business in this State a letter of inquiry as to whether the said corporation has all or any part of its interest or business in or with any trust, combination or association of persons or stockholders as named in the preceding provisions of this act, and to

require an answer, under oath, of the president, secretary or treasurer, or any director of said company. A form of affidavit shall be inclosed in said letter of inquiry as follows:

### "AFFIDAVIT.

STATE OF ARKANSAS,

County of...........

"I,.........., do solemnly swear that I am the.......... (president, secretary, treasurer or director) of the corporation known and styled................, duly incorporated under the laws of..........on the..........day of..........., and now transacting or conducting business in the State of Arkansas, and that I am duly authorized to represent said corporation in making this affidavit; and I do further solemnly swear that said.........., known and styled as aforesaid, has not since the ........day............(naming the day upon which this act is to take effect) created, entered into or become a member of or a party to, and was not on the........day of..........nor at any day since that date, and is not now, a member of or a party to any pool, trust, agreement, combination, confederation, or understanding with any other corporation, partnership, individual, or any other person or association of persons, either in this State or elsewhere, to regulate or fix in this State, or elsewhere, the price of any article of manufacture, mechanism, merchandise, commodity, convenience, repair, any product of mining, or any article or thing whatsoever, or the price or premium to be paid for insuring property against loss or damage by fire, lightning, storm, cyclone, tornado or any other kind of policy issued by the parties aforesaid; and that it has not entered into or become a member of or a party to any pool, trust, agreement, contract, combination or confederation, to fix or limit in this State or elsewhere the amount or quantity of any article of manufacture, mechanism, merchandise, commodity, convenience, repair, any product of mining, or any article or thing whatsoever, or the price or premium to be paid for insuring property against loss or damage by fire, lightning, storm, cyclone, tornado, or any other kind of policy issued by the parties aforesaid; and that it has not issued, and does not own, any trust certificates, and, for any corporation, agent, officer or employee or for the directors

or stockholders of any corporation, has not entered into and is not now in any combination, contract or agreement with any person or persons, corporation or corporations, or with any stockholder or director thereof, the purpose and effect of, which said combination, contract or agreement would be to place the management or control of such combination or combinations, or the manufactured products thereof, in the hands of any trustee or trustees, with intent to fix or limit the price or lessen the production and sale of any article of commerce, use or consumption, or to prevent, restrict or diminish the manufacture or output of any such article.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(President, Secretary, Treasurer or Director.)

"Subscribed and sworn to before me, a . . . . . . . . . . within and for the County of . . . . . . . . . ., this . . . . . . . . day of . . . . . . . ., I . . . . . . . .

[SEAL]

"And on refusal to make oath in answer to said inquiry, or on failure to do so, within thirty days from the mailing thereof, the Secretary of State shall certify said fact to the prosecuting attorney of the county wherein said corporation is located or has its agent or principal place of business, and it shall be the duty of such prosecuting attorney, at his earliest practicable moment, in the name of the State and at the relation of said prosecuting attorney, to proceed against said corporation, if a domestic corporation, for the recovery of the money forfeit provided for in this act, and also for the forfeiture of its charter certificates of incorporation. If a foreign corporation, to proceed against such corporation for the recovery of the money forfeit provided for in this act, and to forfeit its right to do business in this State. Provided, that within sixty days after the passage of this act all foreign corporations desiring to do business in this State shall file a new bond, as the statute directs; and such sureties and bondsmen shall be liable for the penalties and forfeitures, including costs, provided for in this act." Acts 1905, § 7, p. 6.

It is contended in behalf of the prosecution that doing business in the State by the corporation after failure or refusal to file the affidavit constitutes a violation of the statute, and falls within sections two and three thereof, which provide, as punish-

ment for any violation of this act, a forfeiture of a sum of money not less than $200 nor more than $5,000 for each offense, and also forfeiture of corporate rights and franchises. Counsel for defendant argue that this section creates no offense, and amounts merely to a mandatory direction to the Secretary of State to demand the affidavits from corporations doing business in the State, and to the prosecuting attorneys to institute, against corporations failing to furnish the affidavit, proceedings to recover the penalties prescribed for violation of other sections of the act prohibiting the formation of monopolies, pools, trusts and conspiracies to control prices.

It will be observed that the section in question does not, in express terms, require corporations to make answer to the inquiries, but it does provide that the Secretary of State shall send by mail to each corporation "a letter of inquiry as to whether the said corporation has all or any part of its interest or business in or with any trust, combination or association of persons or stockholders as named in the preceding provisions of this act, and to require an answer under oath of the president, secretary or treasurer or any director of said company." Nor does it declare that the failure of such officers of a corporation shall constitute an offense on their part, or on the part of the corporation itself.

If we should say, as contended by learned counsel for appellant, that the act does require an answer to such inquiry by the officers of the corporation, and makes the failure of such officers to comply therewith an offense on the part of the corporation itself, we would plainly be reading into the statute something which the Legislature did not see fit to place there. The principle that penal statutes, and statutes which impose burdens and liabilities unknown at common law, must be strictly construed in favor of those upon whom the burden is sought to be imposed, and that nothing will be taken as intended that is not clearly expressed, has been so often declared that it is elemental. *Hughes* v. *State,* 6 Ark. 131; *Grace* v. *State,* 40 Ark. 97; *Stout* v. *State,* 43 Ark. 414; *Casey* v. *State,* 53 Ark. 334; *Watkins* v. *Griffith,* 59 Ark. 344; *Little Rock & Ft. S. Railway Co.* v. *Oppenheimer,* 64 Ark. 271; *State* v. *Lancashire Insurance Co.,* 66 Ark. 466; *State* v. *Arkadelphia Lumber Co.,* 70 Ark. 329; *Brown* v. *Haselman, ante,* page 213; Sutherland on Statutory Inter. § 208.

The section in question is substantially a copy of an Illinois statute on the same subject except that the latter, instead of requiring the State's attorney to proceed against the corporation "for recovery of the money forfeit provided for this act," etc., provides that he shall "proceed against such corporation for the recovery of a penalty of $50 for each day after such refusal to make oath within the thirty days from the mailing of said notice." The Illinois Supreme Court in *People* v. *Butler Street Foundry,* 201 Ill. 236, construed that statute to make the failure of a corporation to file the affidavit in reply to the letter of inquiry an offense, and to prescribe a penalty of $50 for each day after such failure or refusal. That case is pressed upon our attention by learned counsel for the State as decisive of the question now presented for our consideration. The question of construction of the statute on this point does not appear to have been raised in the argument of counsel in the Illinois case, and received only a passing notice in the opinion; other questions raised in the case being urged as controlling. But the difference just noted in the phraseology of the two statutes warrants a radically different construction. It is plain, from the language used in the Illinois statute, that the framers thereof intended to make the failure or refusal to furnish the affidavit after demand a punishable offense. The brief discussion of this point in the opinion in the Illinois case would seem to lead to a construction that the mere failure to furnish the affidavit, without doing business in the State thereafter or being guilty of any other act in the State, is an offense. We are not willing to concede that this is sound, though it is unnecessary to discuss that question here, as counsel for the State argue that an offense is committed by the corporation only by attempting to do business after failure to furnish the affidavit. This concession on the part of learned counsel that the doing of business in the State after failure to furnish the affidavit is an essential element of the offense furnishes, we think, one of the strongest arguments that can be made against their contention that this section of the statute prescribes a penalty. The statute is silent as to doing business after such failure, and the Secretary of State is required, immediately after the expiration of the thirty days allowed for filing the affidavit, to certify the fact to the prosecuting attorney, and

that officer is required "at his earliest practical moment" to pro-- ceed against the corporation for the recovery of the money forfeit,. etc. Proceed for what offense? The doing of business before the corporation has done any more business or had time to do any? That contention leads to an absurdity. The fact that the Secretary of State is required to immediately certify the failure to file the affidavit, and the prosecuting attorney to immediately institute proceedings, evidently means that the corporation should be proceeded against for some act already committed which is declared by the statute to be unlawful—not some act thereafter to be committed.

We conclude that the complaint set forth no cause of action against the defendant, and the circuit court properly sustained a demurrer thereto.

Affirmed.