STATE EX REL. ATTORNEY GENERAL *v.* CHICAGO MILL & LUMBER CORPORATION.

4-2988

Opinion delivered March 27, 1933.

*Hal L. Norwood,* Attorney General, and *John M. Rose,* for appellant.

*W. R. Satterfield* and *Daggett & Daggett,* for appellee.

JOHNSON, C. J., (after stating the facts). As indicated in the statement of facts, this is the second appeal in this case. By referring to the former opinion, it will be found that the State brought suit against the Chicago Mill & Lumber Corporation and the Paepcke Corporation, two foreign corporations, to recover back taxes alleged to be due for the years 1927 to 1930, both inclusive, by reason of gross undervaluation in the assessments of the machinery and manufactured lumber at the mills of said corporation at West Helena and Blytheville, Arkansas. This court held that there was no personal liability of the Paepcke Corporation and that a recovery, in any event, could only be had for property now situated in the State of Arkansas which had passed into the hands of the Chicago Mill & Lumber Corporation. The case was reversed and remanded for further proceedings in accordance with the principles of equity and not inconsistent with the opinion.

In this suit act 281 of 1931 was not argued by counsel on either side, and was not considered by this court.

After the rendition of the opinion of this court on the former appeal and on September 26, 1932, this court determined the case of *State ex rel. Attorney General* v. *Anderson-Tully Company,* wherein act 281 of 1931 was brought to the attention of this court. In the Anderson-Tully case, *supra,* which was an overdue tax proceeding

on account of a gross undervaluation assessment on real estate, this court specifically held that a recovery could not be had by the State except for actual fraud of the taxpayer in making his assessment. The court held:

"This brings us to a consideration of the question as to whether the complaint charged actual fraud of the taxpayer and whether the proviso in § 1 of the act, 'That failure to assess taxes as required by law shall be *prima facie* evidence of fraud,' is sufficient to put appellee on its proof and therefore to answer the complaint. We answer both questions in the negative, as did the learned trial court. The complaint charged no actual fraud of the taxpayer. It did charge that its land was greatly underassessed," etc.

It is insisted that the Anderson-Tully case, *supra,* is not authority in the instant case, because it is said that the property here in controversy is personal property, whereas the property involved in the Anderson-Tully case was real estate. It is difficult to see just why that the rule should be different in reference to the assessment of personal property and the assessment of real property. Under the statutes of this State the owner of real property is required to list his property for taxation. The same is true with reference to his personal property. The tax assessor is not bound by any value placed upon either real or personal property by the owner.

The court has reached the conclusion that act 281 of 1931 is conclusive of all the issues now presented, and for this reason no other question will be discussed or decided in the case. Prior to this enactment a showing by the State that the property of the taxpayer had been grossly under-assessed was sufficient to allow a recovery in behalf of the State. Section 1 of act 281 of 1931 reads as follows:

"That, after the assessment and full payment of any general property, privilege or excise tax, no proceedings shall thereafter be brought or maintained for the reassessment of the value on which such tax is based, except for actual fraud of the taxpayer, provided that failure to assess taxes as required by law shall be *prima facie* evidence of fraud."

Evidently, it was the purpose of the Legislature to change the law in reference to, and to regulate the collection of, overdue taxes in this State.

In the case of *White River Lumber Co.* v. *State,* 175 Ark. 956, 2 S. W. (2d) 25, this court used the following language:

"We are of the opinion that the statute (collection of overdue taxes) was intended to give the State the right to recover back taxes where there had been a gross undervaluation of the property in the hands of the corporation," etc.

Previous to the White River Lumber Company case, *supra,* this court had held in *State* v. *K. C. & Memphis Railway & Bridge Co.,* 117 Ark. 606, 174 S. W. 248, as follows:

"It was evident that the statute was intended to afford a complete remedy for the collection of back taxes," etc.

The White River Lumber Company case, cited *supra,* was appealed to the Supreme Court of the United States, and is reported in 279 U. S. 692, 49 S. Ct. 457, where it was held that the overdue tax act did not violate the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

It is perfectly evident that the Legislature had in mind the White River Lumber Company case and all other decisions of this court in reference to the collection of overdue taxes when it passed act 281 of 1931.

If the Legislature said what it meant and meant what it said in § 1 of act 281 of 1931, "That, after the assessment and full payment of any general property, privilege or excise tax, no proceedings shall thereafter be brought or maintained for the reassessment of the value on which said tax is based, except for actual fraud of the taxpayer," then it must be perfectly evident that the State cannot recover where the property owner has made an assessment of property with the county assessor of the county, and has paid the taxes regularly assessed thereon, unless it can be shown that actual fraud has been practiced by the taxpayer in making the underassessment. The only allegation in the complaint in this case

is that the property was grossly underassessed, and no facts are alleged which would show or amount to actual fraud.

The proviso "that failure to assess tax as required by law shall be *prima facie* evidence of fraud" does not save the situation here presented. This proviso means exactly what it says. "Failure to assess taxes as required by law" does not mean that an underassessment has been made. It is perfectly natural for the property owner to appraise the value of his property for taxation at a lower sum than the county assessor would do. It is perfectly natural for people to have different opinions about the value of property. We think that this proviso means that, if the party fails to assess any article of property with the assessors, in so far as this article of property is concerned, such assessment would be fraudulent, but where an assessment is made and the complaint is about, and only about, the difference in value of the property, this would not amount to fraud.

This court took a definite and deliberate position in reference to the prosecution of overdue tax suits under act 281 of 1931 in the Anderson-Tully case, cited *supra,* wherein real estate assessments were involved, and we are of the opinion that all that was said by the court in the Anderson-Tully case in reference to real estate assessments should have full application in this case, and that the issues determined in the Anderson-Tully case settled and determine all issues presented in this case.

It is the opinion of the court that the complaint filed herein does not state facts sufficient to constitute a cause of action against the appellee, Chicago Mill & Lumber Corporation, and that the chancellor was correct in sustaining a demurrer thereto.

Let the judgment be affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent.

MEHAFFY, J., (dissenting). I do not agree with the majority in holding that the complaint filed does not state facts sufficient to constitute a cause of action, and in holding that the demurrer should be sustained.

The majority opinion cites *State ex rel. Atty. General v. Anderson Tully Co.,* 168 Ark. 170, 53 S. W. (2d) 17.

The writer filed a dissenting opinion in the Anderson-Tully case which is reported on page 175 of 168 Ark. I shall not repeat what was said there with reference to act 281 of the Acts of 1931 being retroactive. Reference is made to the dissenting opinion there for a discussion of that question.

The complaint states: "All of the property set out in the original complaint, which includes the machinery and stocks of lumber therein mentioned, in both Mississippi and Phillips counties, and on which taxes are sought to be recovered herein, is now and has been throughout the years 1927 to 1930, inclusive, and throughout the taxable periods for said years, in existence in the State of Arkansas. The percentage of value at which all property is required to be assessed for taxation in Mississippi and Phillips counties, and throughout the State of Arkansas, is, and has been throughout the period covered by the complaint, 50 per cent. of the true value thereof, said basis of assessment having been prescribed for each of said years involved herein by the Arkansas Tax Commission under the authority of the Constitution and statutes of the State of Arkansas."

It was further charged in the complaint that the amount set out in the original complaint constituted an assessment at only nine per cent. on the Phillips County property, and an assessment of only five per cent. on the Mississippi County property; that this constituted a gross underassessment of appellees' property. It was further stated that the lumber and machinery are extremely difficult to value on account of the large amount thereof, and that the fact that the taxing officers have not had access to the records relating thereto, said officials have been compelled to rely, and had actually relied in making the assessments aforesaid, on the representations of defendants as to the value of said properties. Said representations have not been fairly made to said taxing authorities.

There were other allegations in the complaint as to the underassessment, and appellees filed motion for the court to require the plaintiff to make the complaint more

definite and certain in certain particulars. The motion consisted of twenty typewritten pages and forty-seven separate paragraphs. Some of the paragraphs asked that plaintiff be required to state the names of the witnesses that filed the list for taxation, others to describe in particular the kinds of lumber and kinds of machinery, but some of the paragraphs asked that they be required to state the nature of the representations alleged to have been made by the corporate officials.

In response to this motion an amendment to the complaint was filed. One paragraph of the amendment states that both the assessments actually made, and the amounts at which the property should have been assessed, being expressly stated for each of the years 1927-1930, and for the property at West Helena and Blytheville separately, and this paragraph also stated that under the Arkansas statutes, lumber, manufactured articles, and machinery are assessed jointly under the head of "machinery and manufactured articles."

The amendment to the complaint further stated that the nature of the representations made by the corporate officials and agents of the defendant corporations for the years 1927-1930 was delivering a sworn statement of the value of defendant's machinery and lumber to the tax assessors for each of said years, which sworn statement showed the value of said lumber and machinery for said respective years, to be the figures at which said property was actually assessed for said years respectively, and which are specifically set out in the plaintiff's original complaint. Said representations of value were so grossly inadequate as to shock the conscience and constitute a fraud on the State, the counties, and school districts in which said property is located; that other similar property in the counties named was assessed at 50 per cent. of its true value, and the assessments on defendant's property was approximately 5 per cent. in Mississippi County and 9 per cent. in Phillips County.

We have copied enough of the complaint, we think, to show that there were sufficient facts stated to constitute a cause of action when the sufficiency of the com-

plaint is tested by general demurrer. The fact that appellees' property was assessed at from 5 per cent. to 9 per cent. of its value, and all other property in the two counties assessed at 50 per cent. of its value, is not a conclusion of law, but a statement of fact. If this is true, then the affidavit furnished the taxing authorities for the purpose of assessment was a statement of fact and not a conclusion of law. It is also stated as a fact that the affidavit and assessment constituted an actual fraud. These statements of fact may or may not be true. That could be determined however, only by the evidence.

We have frequently held that, in testing the sufficiency of a pleading by general demurrer, every reasonable intendment should be indulged to support it. Contrary to the common-law rule, under our Code every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless it be so fatally defective that, taking all the facts to be admitted, the court can say that they furnish no cause of action whatever. *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826; *Ellis* v. *First National Bank,* 163 Ark. 471, 260 S. W. 714. It should be held in mind that allegations of fact in a complaint must be accepted as true on demurrer. *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. (2d) 517. Considering the statement of facts in the complaint as true and indulging every reasonable intendment as we must, we think the complaint states a cause of action.

"As in other cases, it is not sufficient to plead mere conclusions of law, but the facts constituting the fraud must be pleaded subject of course to the usual limitation that the evidence should not be set out; and if the facts are so set out that the adverse party is fairly apprised of what he is to meet, it is sufficient." 10 Standard Enc. of Proc., 53.

"If fraud has been alleged with sufficient particularity, we do not doubt that, whatever may be its final outcome, the case as made by the declaration discloses justiciable and actionable fraud. On the alleged in-

sufficiency of the declaration in point of particularity, we have but little to say. While the allegations of fraud in some respects are not as formal as may be desirable, we regard them as sufficient. It is true that the mere use of adjectives importing fraud or deceit cannot be permitted to supply the place of the essential facts constituting the fraud or deceit relied on. But an impracticable standard or particularity is no more required in allegations of fraud than in an indictment. Mere matter of evidence is not required to be stated. In the amended declaration all the facts constituting the fraud are, though somewhat informally, plainly alleged, and the defendant is fully advised of the case it is called on to meet." *Rogers* v. *Virginia-Carolina Chemical Co.*, 149 Fed. 1.

It is not necessary under our Code to plead the probative or evidential facts. It is sufficient if ultimate facts are alleged, which show the falsity of the representation.

The only question for the consideration and determination by the court is whether the facts alleged constitute a cause of action, and it is immaterial that the cause of action may be defectively stated if there are allegations of fact which constitute fraud. A statement of fact supported by the affidavit of the party that the value of the property is a certain amount, and a statement of fact that this is untrue, I think, is a sufficient statement to apprise the adverse party of what he is called on to meet. I therefore think the case should be reversed and remanded for trial.

I am authorized to state that Mr. Justice HUMPHREYS agrees with me in the views herein stated.