SOUTHWESTERN DISTILLED PRODUCTS COMPANY, INC. *v.* STATE, EX REL. HUMPHREY, STATE AUDITOR.

4-5896                                     136 S. W. 2d 166

Opinion delivered January 29, 1940.

*Owens, Ehrman & McHaney,* for appellant.

*Lester M. Ponder* and *Frank Pace, Jr.,* for appellee.

HUMPHREYS, J. Appellee brought this suit at the instance of Z. M. McCarroll, duly qualified and acting Commissioner of Revenues for the state of Arkansas, against appellant, a duly licensed rectifier of liquors in the state of Arkansas, in the third division of the circuit court of Pulaski county to recover the sum of $14,972.05 in taxes imposed upon it at the rate of 5c a gallon under the provisions of § 4 of act 109 of the Acts of the Legislature of 1935, which section is as follows:

"Section 4. Every person engaged, or proposing to engage in the business or occupation in this state of blending, rectifying or mixing distilled spirits, and the sale and transportation of same shall obtain from the Commissioner of Revenues a permit to blend, rectify, or mix distilled spirits, and to sell and transport same for said purposes. For the privilege of blending, rectify-

ing or mixing said spirits and selling and transporting same shall in addition to the license tax provided by law pay an excise tax of five (5) cents for each gallon of distilled spirits, blended, rectified or mixed, is hereby imposed; provided, however, that said license fee (five cents) shall not be required to be paid for such distilled spirits used in said blending, rectifying or mixing.

"(a) As were heretofore manufactured in this state or shall hereafter be manufactured in this state, or

"(b) Which have borne the tax imposed under this act.

"It shall be the duty of any person engaging in the business or occupation of blending, rectifying or mixing distilled spirits, as above set out, to report on or before the 10th day of the succeeding month, in such form and stating such facts as may be prescribed by the Commissioner of Revenues, the amount of distilled spirits, blended, rectified or mixed during the preceding month, and at the time of making said report, pay the said license tax for said privilege as herein provided."

It was alleged that appellee received into this state for its rectifying plant at West Memphis, Arkansas, 205,509 gallons of liquor and 93,932 gallons of wine which liquor and wine were rectified, blended, and mixed by it at said rectifying plant on which it never paid a tax of 5c a gallon as required by the act.

Appellant filed an answer interposing two defenses to the cause of action:

First, that although it reported the number of gallons it rectified each month at its rectifying plant to the then revenue collector it was told by said revenue collector that the liquors rectified, blended, and mixed were not subject to a tax of 5c per gallon under the provisions of § 4 of said act, and consequently it did not pay same, and second, that under the terms of § 13899 of Pope's Digest of the statutes of Arkansas appellee is not entitled to recover the tax of 5c per gallon imposed by § 4 of said act.

In other words, it pleads estoppel against the state to collect a tax on account of the unauthorized statement or act of the state's then revenue collector, and pleads a bar to recovery of the tax by virtue of the provisions of § 13899 of Pope's Digest of the statutes of Arkansas, which last named statute of Pope's Digest is as follows:

"After the assessment and full payment of any general property, privilege or excise tax, no proceedings shall hereafter be brought or maintained for the reassessment of the value on which such tax is based, except for actual fraud of the taxpayer, provided that failure to assess taxes as required by law shall be *prima facie* evidence of fraud."

A demurrer was filed to the answer setting up the two defenses aforesaid, which was sustained by the court over the objection and exception of appellant, and, appellant refusing to plead further, judgment was rendered against it, from which is this appeal.

In lieu of a supersedeas bond appellant deposited $15,000 in cash with the clerk of this court to pay the judgment and costs in case the judgment should be affirmed by this court.

Appellant is a duly licensed rectifier of liquor in this state and rectified at its plant in West Memphis, 205,509 gallons of liquor and 93,932 gallons of wine from July 6, 1936, to June 14, 1939, upon which it paid no tax. Under § 4 of act 109 of the Acts of 1935 it was required to pay a tax of 5 cents a gallon which it seeks to escape because it made monthly reports of the amount rectified and the then revenue collector told it that under his construction of the act it was not liable for the tax and so it did not pay same. And, as an additional reason for not paying same, the then revenue collector stated that if he changed his mind as to his construction of the act, that he would promulgate a regulation to that effect and that no tax would be imposed upon appellant for any liquor blended, rectified or mixed by it prior to the promulgation of such regulation by him, and from and after that date only.

The act is plain and unambiguous and requires the rectifiers of liquor in the state to pay a tax of 5 cents a gallon on every gallon he rectifies, blends or mixes irrespective of what disposition he makes of it  The then revenue collector had no authority to supersede, modify or change the law by regulation or by a promise to exempt appellant from the payment of the tax.  It was his duty to levy and collect the tax.  The state of Arkansas· is not estopped by the unauthorized act of the revenue office to levy and collect the tax.  It was said by this court in the case of *Refunding Board* v. *State Highway Audit Comm.,* 189 Ark. 144, 70 S. W. 2d 1027, that:

"The doctrine of estoppel is not applicable to and cannot be applied against the state. . . . Section 993 of Bishop on Contracts (2nd Enlarged Edition), at page 419, it is said: 'The government is never estopped, as an individual or private corporation may be, on the ground that the agent is acting under an apparent authority which is not real; the conclusive presumption that his powers are known rendering such a consequence impossible.  So that the government is bound only when there is an actual authorization . . .'.  The authorities on this subject were reviewed in the case of *State* v. *Chilton,* 49 W. Va. 453, 39 S. E. 612, in which it was sought to invoke the doctrine of estoppel against the state.  It was there said: 'A public officer cannot ratify expressly his own unauthorized act, and surely cannot do so by mere implication . . .  Estoppels do not generally bind a state; that is, estoppel by conduct of its own officers.  Clearly, the state cannot be estopped by unauthorized acts of its officers.'  Bigelow, Estop. 341; *U. S.* v. *Kirkpatrick,* 9 Wheat. (U. S.) 735, 9 L. Ed. 199.''

. Appellant also seeks to escape the payment of the tax because the collection thereof is barred by § 13899 of Pope's Digest heretofore set out in this opinion.  By reference to said section it is evident that it has no application to the collection of a tax never assessed, demanded from, or paid by a person.  Appellant admits

that this tax was never assessed against it, demanded from it or paid by it.

In the case of *State, ex rel., Attorney General* v. *Anderson-Tully Co.,* 186 Ark. 170, 53 S. W. 2d 17, relied upon by appellant, there was an assessment of the value of the real property and full payment of the tax assessed. The court ruled that the property having been assessed and full payment made on the basis of the assessment the state was precluded from attempting to reassess the value.

In the case of *State, ex rel. Atty. Gen.* v. *Chicago Mill & Lbr. Corp.,* 187 Ark. 65, 58 S. W. 2d 951, relied upon by appellant, the court ruled that since the personal property had been assessed and the taxes paid on the basis of the assessment, the state was precluded from attempting to reassess the value. In the case of *State, ex rel. Atty. Gen.* v. *New York Life Ins. Co.,* 198 Ark. 820, 131 S. W. 2d 639, relied upon by appellant for a reversal of the judgment, the New York Life Insurance Company had made a return as required by law, a tax was assessed upon the basis of the return, demanded, and full payment was made thereon. In that case the attorney general sought to reassess the valuation placed upon the original assessment by adding premiums for annuity insurance policies thirteen years after the original assessment and full payment had been made and the court ruled that § 13899 of Pope's Digest was applicable and that the state's right to reassess those past assessments was barred.

There is no similarity between the cases cited and the instant case as to the applicability of § 13899 of Pope's Digest.

Our conclusion upon the whole case is that the state is not estopped under the doctrine of equitable estoppel from collecting this tax nor is the collection thereof barred under the provisions of § 13899 of Pope's Digest.

The judgment is, therefore, affirmed and the clerk is directed to pay same together with costs out of the

cash deposited by appellant with the clerk of this court for the purpose of paying said judgment in case same should be affirmed.