SUPERIOR BATH HOUSE COMPANY *v.* McCARROLL, COMMISSIONER OF REVENUES.

4-5959 139 S. W. 2d 378

Opinion delivered April 1, 1940.

*E. R. Parham,* for appellant.

*Frank Pace, Jr.,* and *Lester M. Ponder,* for appellee.

GRIFFIN SMITH, C. J. The suit from which this appeal proceeds was one to enjoin the commissioner of revenues from collecting taxes on incomes for 1928 to and including 1938.[1] A special demurrer was filed on behalf of the commissioner. The complaint was dismissed in respect of taxes for 1936, 1937, and 1938. As to collections sought to be enforced for other years mentioned in the complaint, it was held that by limitation the commissioner had lost his right of action.[2]

Appellant's income is derived from personal services and the use of property on Hot Springs Reservation, in Garland county.[3] It is insisted that exclusive jurisdiction over the Reservation has been ceded to the United States, and that Arkansas reserved only the right to tax, under laws of the state applicable to equal taxation of personal property, the structures erected on leases and other personal property in private ownership.

There is the further contention that act 220 of the Arkansas general assembly, approved March 26, 1931, exempts from payment of the tax domestic corporations doing business entirely without the state, and that act 118 of 1929, "as applied to the appellant in this case, when read in connection with act 220, constitutes an unconstitutional discrimination and classification against the appellant, and denies to it the equal protection accorded under the Fourteenth Amendment,[4] . . . . [and is violative of] art. 2, § 8, of the constitution of Arkansas."

Appellant avers that a return on its income for 1928 was filed in 1929 in a timely manner; that with the return it claimed exemption because operations productive of earnings were conducted under a lease from the

[1] Act 118, approved March 9, 1929.

[2] Section 26 of act 118, *supra.*

[3] Act 30 of the General Assembly of Arkansas, approved February 21, 1903.

[4] "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

department of the interior; that the commissioner's ruling was consonant with the claimed exemption, and that no further demand had been made until January, 1939.

By act of March 3, 1891, c. 533, § 5, 26 Stat. 842, U. S. Code Annotated, Title 16, § 365, consent of the United States was given "for the taxation, under the authority of the laws of the State of Arkansas applicable to the equal taxation of personal property in that state, as personal property of all structures and other property in private ownership on the Hot Springs National Park."

By act 30 of the Arkansas general assembly, approved February 21, 1903, exclusive jurisdiction over the Hot Springs Reservation was "ceded and granted" the United States, with the proviso, however, that the act should not prevent the execution of any process of the state, civil or criminal, on any person who may be on such reservation or premises; "provided further, that the right to tax all structures and other property in private ownership on the Hot Springs Reservation accorded the state [by act of Congress approved March 3, 1891. 26 Stat. at p. 842] is hereby reserved to the state of Arkansas."

Subsequent to approval of act 30, *supra,* the Congress enacted that "All fugitives from justice taking refuge within [the boundaries of the reservation] shall, on due application to the executive of [Arkansas], whose warrant may lawfully run within said territory for said purpose, be subject to the laws which apply to fugitives from justice found in the state of Arkansas. Said section shall not be construed as to interfere with the right to tax all structures and other property in private ownership within the boundaries [described], accorded to the state of Arkansas by § 365 of [Title 16, United States Code Annotated"].[5]

*Buckstaff Bath House Company* v. *McKinley, Commissioner,*[6] upheld validity of the Arkansas unemployment compensation tax.[7] It was there said that "The

---

[5] U. S. Code Annotated, Title 16, § 372.

[6] 198 Ark. 91, 127 S. W. 2d 802.

[7] Act 155, approved February 26, 1937.

tax laid by act 155 is not a tax on personal property; nor is it, in *any* sense, a property tax.''

*Pollock* v. *Farmers Loan & Trust Company* [8] classifies a tax on the income from real and personal property as a direct tax on the property.

*Stanley* v. *Gates,* 179 Ark. 886, 19 S. W. 2d 1000, holds that the income tax imposed by the act of 1929 is not a property tax. Mr. Justice Hart (later Chief Justice) who wrote the opinion in the Stanley-Gates Case, said: ''It has been well said that 'a tax on income is not a tax on property, and a tax on property does not embrace incomes.' Hence, a majority of the court holds that 'property,' as the term is used in art. 16, § 5 of the constitution, means the property itself as distinguished from the annual gain or revenue from it.''

The Buckstaff Bath House Case was appealed to the Supreme Court of the United States and affirmed.[9] Substance of the opinion, written by Mr. Justice Douglas, is that while the state tax for social security is an excise, it comes within the permission granted by congress to tax personal property on the Hot Springs Reservation. The holding is influenced by the social security act of congress, which the court thought gave Arkansas ''implied authority'' to levy the tax. Concurrence of Mr. Justice Reed is on the ground that the act of Congress of 1891 should be interpreted to give consent to the state to levy the excise for unemployment compensation.

We think there is authority in the general language of the act of 1891 for the state to extend to lessees of personal property on the reservation the tax assessed against all other citizens within the state. Although classified as an excise, our income tax is treated by the courts as having many of the characteristics of a property tax. An excise is not within our constitutional provisions limiting the rate of taxes on property and providing for uniformity.

It would be an anomolous situation indeed if we should say that an excise tax levied for unemployment

---

[8] 158 U. S. 601, 617, and 635, 15 S. Ct. 912, 39 L. Ed. 1108.

[9] 308 U. S. 358, 60 S. Ct. 279, 84 L. Ed.*

* Paging not available at time of going to press.

against those coming within the law's classification included operations within the reservation when authority for its exaction came from a state statute as distinguished from congressional authority, but that a tax on incomes levied uniformly against all citizens could not extend to the reservation because the term "personal property" was used in the act of 1891.

We do not agree with appellant that the reservation, for purposes of taxation, is not within the state. If this theory were correct the Buckstaff Bath House Case was wrong, for act 155 of the Arkansas general assembly could have no extra-territorial effect.

The state is not estopped by action of the commissioner of revenues in 1929. It has often been held that the determination by an administrative agent of the state that an assessment made by law is not to be collected does not affect the right of enforcement. The latest decision directly in point is *Southwestern Distilled Products Company, Inc.,* v. *State, ex rel. Humphrey,* 199 Ark. 761, 136 S. W. 2d 166. The instant case is unlike *State, ex rel. Attorney General,* v. *New York Life Insurance Company,*[10] where § 13899 of Pope's Digest was held to apply. There the insurance company had declared all premiums upon which a report was required.

In the case at bar appellant, in its report, urged its exemption, and when the commissioner (acting, of course, in good faith) concluded the petitioner was not subject to the tax, no report was made for any of the succeeding six years. Appellant is not subject to the tax for 1928, but will be required to pay for all unreported years.

The decree is affirmed on appeal, and reversed on cross-appeal. The cause is remanded for further proceedings under the law as here declared.

[10] 198 Ark. 820, 131 S. W. 2d 639.