Terry *v.* Little Rock Civil Service Commission.

4-9011                                           225 S. W. 2d 13

Opinion delivered December 19, 1949.

*O. W. Pete Wiggins* and *Melbourne M. Martin,* for appellant.

*T. J. Gentry,* for appellee.

GRIFFIN SMITH, Chief Justice.   During the war emergency Everett Terry served thirteen and a half months on the Little Rock Police Force under an original appointment as special patrolman.  Then through error he was certified to be eligible for permanent appointment as a regular patrolman.  The Commission's action in this respect was taken June 16, 1944, with notice to Terry the following day.  A month later it was ascertained that the promotion was based upon a misconception of Act 28 of 1933.  Believing that its power of temporary appointment had not been exhausted, the Commission informed Terry that he could be retained for the special purpose first in view.  The determination was impliedly acquiesced in by Terry when he promptly returned to the special position.  On June 8th, 1948, the Commission directed Chief Marvin Potts to inform Terry that his services were no longer required.[1]

---

[1] Reasons given were that "The war is over; Camp Robinson has been closed; suitable men who can meet the qualifications of Patrolman on the Police Force of the City of Little Rock are obtainable, and [it has been found] that the emergency [is at an end].  Because of this fact, Mr. Everett Terry, having no Civil Service status, but only the status of a temporary wartime emergency employe, [must be discharged"].

Twice, after receiving notice in 1944 that his position was temporary, Terry took Civil Service examinations, but fell substantially short of passing grades. There is no suggestion that the Commission acted fraudulently in grading the papers.

Circuit Court very properly ordered that records of all official transactions be certified for the purpose of determining whether, as the petitioner contends, void acts of the Commission affirmatively appear. See *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041. It was not a case falling within the provisions of the Civil Service Law, § 5, giving the right of appeal, trial *de novo,* and Circuit Court relief to one wrongfully discharged by the Police or Fire Department, or to one whose rank has been reduced. Terry does not contend that he qualified for a permanent position under Civil Service rules, or as Act 28 directs. Appellant bases his rights solely on the ground that having been employed specially for more than a year, and having been told that his status was permanent, the Commission was estopped to deny its own acts.

Our view is that if appellant had any rights in the circumstances here, they were reviewable within apt time after notice by the Commission that it erred in promoting him, and that his status then and for the future would be what it was before the mistake occurred.

Ordinarily a governmental agency is not estopped by the unauthorized acts of its agents. *Wallace* v. *Hill,* 135 Ark. 353, 205 S. W. 699; *Southwestern Distilled Products Co., Inc.* v. *State, etc.,* 199 Ark. 761, 136 S. W. 2d 166; Bishop on Contracts, 2d Enl'g'd Ed., p. 419.[2]

Act 28, in part, was construed in *Connor* v. *Ricks, Mayor,* 213 Ark. 768, 212 S. W. 2d 552. In discussing some of the duties enjoined, the opinion says: ''Section 3, in language ordinarily construed to be mandatory, is a commission to the Board [of Civil Service Commis-

---

[2] For other cases on estoppel, pertinent here, see *Superior Bath House Co.* v. *McCarroll,* 200 Ark. 233, 139 S. W. 2d 378; *Hollis & Co.* v. *McCarroll,* 200 Ark. 523, 140 S. W. 2d 420; *Board of Directors of St. Francis Levee District* v. *Fleming,* 93 Ark. 490, 125 S. W. 132, 659, cited in *Hubble* v. *Grimes,* 211 Ark. 49, 199 S. W. 2d 313.

sioners] to 'prescribe, amend, and enforce rules and regulations governing the . . . departments'; and it invests the rules with force of law. Certain 'must' provisions are included in the Act, subdivision 4 of § 3, and § 6, being applicable to the controversy [before us in that case]."

Subdivision 4 of § 3, referred to in the Connor case, tells the Commission to include in the rules provision "For the creation of eligible lists for each rank of employment in [the Police and Fire] departments in which shall be entered the names of the successful candidates in the order of their standing in the examination. No person shall be eligible for examination for advancement from a lower to a higher rank until he shall have served at least one year in the lower rank, except in case of emergency, which emergency shall be decided by the Board of Commissioners. . . . No temporary appointment (subdiv. 8) shall continue longer than sixty days, nor shall successive temporary appointments be allowed except in times of grave danger of which the Commission shall decide."

Appellant believes that four years of service as a special patrolman were of more value to the City, as evidence of his qualifications, than the minimum requirement of a year served in a lower bracket. But we must not lose sight of the fact that in permitting Terry to serve successive 60-day periods, justification must be found in the eighth subdivision of § 3—the existence of grave danger, "of which the Commission shall decide." Appellant is in no position to insist that the Commission abused its discretion when (a) in order to employ him it decided that grave dangers existed, or when (b) in continuing his services it took note of a continuing emergency. The difficulty of his position is that to claim any of the rights here asserted he must have acquired a Civil Service status within the Act and within the Commission's authorized rules. His misfortune is that when the emergency ceased his rights likewise terminated. The

326

Commission not only had the right to correct the error it had made, but it was under a duty to do so.

Affirmed.