THOMPSON, COMMISSIONER OF REVENUES *v.* CHADWICK.

4-9998                                     255 S. W. 2d 687

Opinion delivered March 9, 1953.

*Conley F. Byrd,* for appellant.

*Atlee Harris* and *Henry S. Wilson,* for appellee.

ED. F. McFADDIN, Justice. This appeal involves certain provisions of the Gross Receipts Act (Act No. 386 of 1941), as now found in § 84-1901, *et seq.,* Ark. Stats.

Carl F. Parker,[1] as Commissioner of Revenues of the State of Arkansas, filed this suit in the Crittenden Chancery Court against the appellee, R. E. Chadwick, doing business as "Buck's Coffee Shop" in West Memphis. The complaint alleged that John J. Donau owned and operated Buck's Coffee Shop until April 10, 1951, that in such operation he became liable to the State for $487.84 for gross receipt tax which remains unpaid; that Donau sold the business and fixtures of Buck's Coffee Shop to Chadwick on April 10, 1951; and that the State has a lien on the fixtures (by § 84-1913 Ark. Stats.) for the said unpaid tax. The prayer of the complaint was that the State's lien on the fixtures be foreclosed.

In his answer, Chadwick admitted buying the coffee shop and fixtures; but (a) denied the indebtedness of Donau to the State, and (b) denied that the fixtures were subject to any lien. Chadwick also pleaded that the State had issued him a permit under the Gross Receipts Act and had thereby waived any lien.

The cause was heard *ore tenus,* and after the plaintiff (State Commissioner) had introduced all desired evidence, Chadwick moved that a decree be entered

---

[1] Carl F. Parker was Commissioner of Revenues until some time in January, 1953. Horace E. Thompson, as his successor in office, has been substituted as appellant on request duly made in this Court.

722

against the State. This was treated by the Court and the parties as a demurrer to the evidence, within the purview of *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225. The Court sustained the motion and dismissed the complaint, so the question now before us is whether the State made a case, even viewing the evidence most favorably to the State.

As previously stated, the Arkansas Gross Receipts Act (Act No. 386 of 1941) may be found in § 84-1901 *et seq.,* Ark. Stats. Portions of the Act germane to this controversy are as follows:

Sec. 84-1906 says that taxpayers shall render monthly returns and remittances to the Commission.

Sec. 84-1910 allows the Commissioner to determine the tax after the return is made and to make assessment.

Sec. 84-1911 says the Commissioner shall give the taxpayer notice in writing of his intention to assess an amount in addition to the amount remitted. The taxpayer has 20 days in which to demand a hearing.

Sec. 84-1913 provides that when a taxpayer desires to discontinue business "by sale or otherwise," such taxpayer shall make a final return and remittance of all unpaid or accrued taxes; and then provides:

"In the case of a sale of any business, the tax shall be deemed to be due at the time of the sale of the fixtures and equipment incident to such business and shall constitute a lien against the stock and such fixtures and equipment in the hands of the purchaser thereof or any other third party until such tax is paid. The Commissioner shall not issue a permit to continue or conduct said business to the purchaser thereof until all tax claims due the State of Arkansas hereunder have been settled and paid."

The facts in this case establish that on May 7, 1951, Donau made a final return to the Commissioner covering the period from November 1, 1950, to April 10, 1951, showing tax due of $534.84; and Donau made remittance for

that amount. The return stated that it is a final return and that the business was sold on that date. Likewise on May 7, 1951, Chadwick applied to the Commissioner for a permit for Buck's Coffee Shop—the same name and address as the business that Donau had operated. The Commissioner issued a retailer's permit to Chadwick on May 24, 1951.

As above quoted, the law provides that the Commissioner shall not issue a permit to the purchaser until all tax claims of the State of Arkansas against the seller have been paid. So the Commissioner had from May 7th to May 24th to determine whether Donau had paid all taxes due the State. If the Commissioner had been dissatisfied or uncertain as to the correctness of Donau's return, then a permit should not have been issued to Chadwick until all doubts had been removed as to the full payment of tax by Donau. Tax acts are to be construed most strongly against the Sovereign and most liberally in favor of the taxpayer. *Cook* v. *Ark. Mo. Power Corp.*, 209 Ark. 750, 192 S. W. 2d 210; *Cook* v. *Southwestern Hotels*, 213 Ark. 140, 209 S. W. 2d 469. Statutes imposing burdens and liabilities unknown at common law are strictly construed in favor of those upon whom the burden is sought to be imposed. *State* v. *International Harvester Co.*, 79 Ark. 517, 96 S. W. 119. See, also, 50 Am. Jur. 424 wherein the holdings from many jurisdictions are summarized:

"Statutes are generally subject to a strict construction where they interfere with private property rights, or are in derogation of rights of individual ownership. This is true of statutes regulating or restraining the disposition of property, or divesting title against the owner's will, or authorizing invasions of the rights of property for private convenience or profit. In such cases, all doubts are resolved in favor of the property owner."

In applying the foregoing rules to the case at bar, we observe: that Chadwick continued to operate the business after obtaining his permit, and it was not until October 9, 1951, that there was any attempt made by the Commissioner of Revenues to claim that Donau had not paid

in full. On the last mentioned date, it is claimed that a notice was mailed to Donau that he owed an additional tax of $487.84. There is a pencilled page in the transcript made by some unidentified person; and that is all the information there is about the $487.84. It is now claimed that this was a *"determinaiion"* under § 84-1910 Ark. Stats. There is no proof that Donau ever received the notice; and it is not even claimed that such a notice was ever given to Chadwick. He was entitled to notice under § 84-1911 Ark. Stats. and an opportunity to have a hearing, before an assessment of $487.84 could have been legally made so as to create a lien on his fixtures.

The Trial Court was correct in granting the motion to dismiss, and the decree is affirmed.

Justice GEORGE ROSE SMITH concurs.

J. SEABORN HOLT, J., dissenting. I think the decree should be reversed.

As I construe the majority view, it, in effect, holds that the State of Arkansas, through its Revenue Commissioner, has waived any right it may have to collect the tax in question. This the Revenue Commissioner could not do. As I read the record, substantial evidence had been presented by the appellant, Revenue Commissioner, at the time he rested his case, to support his contention that the tax was due, demanded, and unpaid, and therefore under our rule in *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, the trial court erred in sustaining appellee's motion to dismiss appellant's complaint.

The law also appears to be well settled in many decisions of this court that in circumstances such as are presented here, the Revenue Commissioner, representing a State Agency, could not waive any rights that the State may have to enforce payment of this tax. The State is not and could not be estopped by his action. We said in *Southwestern Distilled Products Company, Inc.* v. *State, ex rel., Humphrey, State Auditor,* 199 Ark. 761, 135 S. W. 2d 166:

"The then revenue collector had no authority to supersede, modify or change the law by regulation or by

a promise to exempt appellant from the payment of the tax. It was his duty to levy and collect the tax. The State of Arkansas is not estopped by the unauthorized act of the revenue office to levy and collect the tax. . . . 'The doctrine of estoppel is not applicable to and cannot be applied against the State.' . . . 'A public officer cannot ratify expressly his own unauthorized act, and surely cannot do so by mere implication. . . . Estoppels do not generally bind a State; that is, estoppel by conduct of its own officers. Clearly, the State cannot be estopped by unauthorized acts of its officers.' ''

This holding was reaffirmed in *Superior Bath House Company* v. *McCarroll*, 200 Ark. 233, 139 S. W. 2d 378; *Hollis & Company* v. *McCarroll, Commissioner*, 200 Ark. 523, 140 S. W. 2d 420, and *Terminal Oil Company* v. *McCarroll, Commissioner of Revenues*, 201 Ark. 830, 147 S. W. 2d 352.

It seems to me that if the majority opinion stands, it may open the door to possible tax evasions.

Justice WARD concurs in this dissent.